# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

**MARCOS COPLIN-BRATINI,**

**Plaintiff,**

**vs.**                                        **CIVIL NO. 98-2308 (DRD)**

**UNITED STATES OF AMERICA,**

**Defendant.**

---

## ORDER

On November 20, 1998, Marcos Coplin-Bratini ("Coplin-Bratini") timely filed a motion to vacate his conviction. See 28 U.S.C. § 2255 ("1-year period of limitation"); United States v. Castillo-de los Santos, 132 F.3d 30, 1997 WL 781614, at *1 (1st Cir. Dec. 16, 1997) (Unpublished opinion affirming Coplin-Brantini's conviction). Coplin-Bratini asserted his attorney failed to provide effective assistance due to counsel's failure to: (1) move for "disclosure and production of the 'informer's' identity;" (2) move for severance; (3) challenge the propriety of the indictment; (4) challenge the seizure and search of the vessel; (5) challenge the drug quantity utilized at sentencing; (6) advise [him] of the benefits of a guilty plea; and (7) assert a Speedy Trial Act violation. (Docket Nos. 2, 11-12).

The Court, on May 11, 1999, referred this case to U.S. Magistrate Judge Aida M. Delgado-Colón, pursuant to Local Rule 504(2) and with all the powers therein conferred to the Magistrate, for a Report and Recommendation as to appropriate final disposition of this instant 28 U.S.C. § 2255 action. Local Rule 504(2); Fed. R. Civ. P. 72(b); 28 U.S.C.A. § 636(b)(1) (1993); 28 foll. § 2255 Rule 10 (1979). (Docket No. 5). The Magistrate-Judge issued the Magistrate's Report and Recommendation ("MRR") recommending that Coplin-Bratini's petition for writ of habeus corpus be denied and this action dismissed. Coplin-Bratini has timely filed objections to the MRR. (Docket No. 13).

The MRR correctly and clearly points out that any objections to the MRR must be filed with the Clerk of Court "within ten (10) days afer being served with a copy thereof." Local Rule 510.2; see Local Rule 510.2(A); see also 28 U.S.C. § 636(b)(1). Further, the "written objections [] shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." Local Rule 510.2. "Failure to file objections within the specified time waives the right to appeal the District Court's order." Local Rule 510.2(A); see United States v. Mitchell, 85 F.3d 800, 803 (1st Cir. 1996); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986). "Absent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation."



Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[objection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

After the Court conducted a *de novo* review of the record, the Court has found that the MRR thoroughly and correctly addressed Coplin-Bratini's points of ineffective assistance of counsel. In fact, the objections filed constitute a restatement of matters previously correctly addressed by the Magistrate Judge. Therefore, following the words of wisdom of the First Circuit Court of Appeals, "when a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate," the Court as to this issue **ADOPTS** the MRR. Lawton v. State Mut. Life Assur. Co. Of Am., 101 F.3d 218, 220 (1st Cir. 1996); see In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir.1993) ("Where, as here, a trial court has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate.").

Wherefore, the Magistrate's Report and Recommendation is **ADOPTED** *in toto* and thus this case is **DISMISSED**. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of April, 2000.

P \FINALORD ERS\98-2308 DIS

**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**